# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil No. 22-CV- 3110 |
| | ) | |
| BRANDON W. DALTON AND MISTI S. DALTON, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Now comes, UNITED STATES OF AMERICA, by and through its attorneys, Gregory K. Harris, United States Attorney for the Central District of Illinois, and Assistant United States Attorney Kimberly Klein, and for its cause of action alleges that:

1. This is a civil action brought pursuant to 28 U.S.C. § 1345 to foreclose the hereinafter described mortgage or other conveyance in the nature of a mortgage (hereinafter called "mortgage") and to join the following persons as defendants:

    BRANDON W. DALTON AND MISTI S. DALTON

2. Attached as Exhibit "A" is a copy of the mortgage; Exhibit "B" is a copy of the Promissory Note secured thereby; Exhibit "C" is the Notice of Acceleration; and Exhibit "D" is a copy of the Affidavit of Abandonment.

3. Information concerning mortgage:

    (A). Nature of instrument:    Mortgage

    (B) Dates of mortgages:    Ex. A, October 31, 2008

    (C) Names of mortgagors:    Ex. A, Brandon W. Dalton and Misti S. Dalton

(D)　　Name of mortgagee:　　　　　　　　United States of America, United States Department of Agriculture

(E)　　Date and place of recording:　　　　Ex. A, October 31, 2008, DeWitt County, Illinois

(F)　　Identification of recording:　　　　Ex. A, recorded as Doc No 224242, Book 631, Page 329,

(G)　　Interest subject to the mortgage:　　Fee Simple

(H)　　Amount of original indebtedness, including subsequent advances made under the mortgage:　　$125,340.00

(I)　　Both the legal description of the mortgaged real estate and the common address or other information sufficient to identify it with reasonable certainty:

　　　1.　　Legal description of the mortgaged premises:

　　　　　Lots 6 and 7 and the West ½ of Lot 8 in Block 1 in Herrick's Addition to the Town, now City of Farmer City, situated in the County of Dewitt, in the State of Illinois.
　　　　　Property ID# 05-28-408-004

　　　2.　　Common address or location of mortgaged premises:

　　　　　503 E Market Street, Farmer City, Illinois 61842

(J)　　Statement as to defaults and amount now due:

　　　1.　　Date of Default is October 18, 2014.

　　　2.　　Payments which have become due under the secured note are in default and arrears in the total amount of $88,409.29.

　　　3.　　The total amount now due is $164,046.71 as of April 16, 2019, plus interest accrued thereafter, court costs, title costs, and plaintiff's attorney fees. This amount due includes the total principal and interest due and payable, all outstanding advances and fees charged to the defendant's account and total subsidy received on the defendant's loan.

        4.    The per diem interest accruing under the mortgage after default is $20.5015.

(K)    Name of present owners of the real estate: Brandon W. Dalton and Misti S. Dalton

(L)    Name or names of persons, in addition to such owners, but excluding any non-record claimants as defined in the Illinois Mortgage Foreclosure Law, Chapter 735 ILCS, Section 5/15-1210, who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated.

        1.

        a.    That an accounting may be taken under the direction of the court of the Plaintiff's mortgage constitutes a valid, prior and paramount lien upon the indicated interest in the mortgaged real estate, which lien is prior and superior to the right, title, interest, claim, or lien of all parties and non-record claimants whose interests in the mortgaged real estate are sought to be terminated.

(M)    Names of defendants claimed to be personally liable for deficiency, if any:

NA

(N)    Capacity in which plaintiff brings this foreclosure: as the owner and legal holder of said note, mortgage, and indebtedness.

(O)    Facts in support of shortened redemption period, if sought:

None at the time of the filing of this complaint. However, should the mortgaged real estate become abandoned during the pendency of this foreclosure, it is requested that the court make a finding of abandonment and shorten the redemption period.

(P)    Facts in support of request for costs and expenses, if applicable.

Plaintiff has been required to incur title insurance or abstract costs, and other expenses which should be added to the balance secured by said mortgage.

(Q)    Facts in support of a request for appointment of mortgagee in possession or for appointment of a receiver, and the identity of such receiver, if sought:

      NA

(R)    Plaintiff does not offer to mortgagor in accordance with Section 15-1402 to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the mortgage without judicial sale.

(S)    Name or names of defendants whose right to possess the mortgaged real estate, after the confirmation of a foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof:

    Brandon W. Dalton and Misti S. Dalton

## REQUEST FOR RELIEF

Plaintiff requests:

    i.    A judgment to foreclosure such mortgage, ordering:

        a.    amounts due and owing to the plaintiff;

        b.    That the defendants be ordered to pay to the plaintiff before expiration of any redemption period (or, if no redemption period, before a date fixed by the court) whatever sums may appear to be due upon the taking of such account, together with fees and costs of the proceedings (to the extent provided in the mortgage or by law);

        c.    That in default of such payment in accordance with the judgment, the mortgaged real estate be sold as directed by the court, to satisfy the amount due to the plaintiff as set forth in the judgment, together with the interest thereon at the statutory judgment rate from the date of judgment.

        d.    That in the event the plaintiff is a purchaser of the mortgaged real estate at such sale, the plaintiff may offset against the purchase price of such real estate the amounts due under the judgment of foreclosure and order confirming the sale;

        e.    That in the event of such sale and the failure of the person entitled thereto to redeem prior to such sale pursuant to this Article, the defendants made parties to the foreclosure in accordance with this Article, and all non-record claimants given notice of the foreclosure in accordance with this Article, and all persons claiming by, through or under them, and each and any and all of them, may be forever barred and foreclosed of any right, title,

      interest, claim, lien or right to redeem in and to the mortgaged real estate; and

    f. That if no redemption is made prior to such sale, a deed may be issued to the purchaser thereat according to law and such purchaser be let into possession of the mortgaged real estate in accordance with 735 ILCS, Section 5/15-1701, et. seq.

  ii. An order granting a shortened redemption period, if authorized by law.

  iii. A personal judgment for a deficiency, if authorized by law.

  iv. An order granting possession.

  v. An order placing the mortgagee in possession or appointing a receiver.

  vi. A judgment for fees, costs and expenses.

  vii. Enforcement of its assignment of rents derived from said real estate.

  viii. Such other relief as equity may require, including, but not limited to, declaratory and injunctive relief.

## ADDITIONAL REQUEST FOR RELIEF

Plaintiff also requests that the judgment for foreclosure or other orders entered herein provide for the following (pursuant to 735 ILCS Section 5/15-1506(f)):

  i. Judicial sale conducted by the United States Marshal or his representative, at which the plaintiff is entitled to bid;

  ii. Title in the real estate may be subject, at the sale, to exceptions including general real estate taxes for the current year and for the preceding year which have not become due and payable as of the date of entry of the judgment of foreclosure, any special assessments upon the real estate, and easements and restrictions of record.

 iii. In the event a party to the foreclosure is a successful bidder at the sale, such party shall be allowed to offset against the purchase price to be paid for such real estate amounts due such party under the judgment of foreclosure or order confirming the sale.

 Respectfully submitted,

 UNITED STATES OF AMERICA,
 Plaintiff

 GREGORY K. HARRIS
 UNITED STATES ATTORNEY

 /s/Kimberly A. Klein
 Kimberly A. Klein, ARDC #6230077
 Assistant United States Attorney
 211 Fulton Street, Suite 400
 Peoria, Illinois 61602
 Telephone: 309/671-7050
 E-mail: Kimberly.Klein@usdoj.gov